# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jamie Fernando PEREZ SUSPES, | : | |
| | : | |
| Petitioner, | : | |
| | : | PETITION FOR WRIT |
| | : | OF HABEAS CORPUS |
| | : | |
| v. | : | No. 25-6608 |
| | : | |
| MICHAEL T. ROSE, in his official capacity as Acting Field Office Director, Enforcement and Removal Operations, Philadelphia Field Office, U.S. Immigration and Customs Enforcement, et al. | : : : : : : | |
| Respondents. | : | |

## MEMORANDUM

Petitioner Jamie Fernando Perez Suspes filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Mr. Perez Suspes is

1

currently detained by Immigration and Customs Enforcement ("ICE") pursuant to the mandatory detention provision in Section 235 of the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1225(b)(2). Mr. Perez Suspes alleges that his detention is unlawful because Section 235 does not apply to individuals like him: noncitizens who are residing in the United States. As a person who has been living in the United States since May 2022, Mr. Perez Suspes argues that he should have been detained, if at all, under Section 236 of the INA. 8 U.S.C. § 1226(a). Consequently, he asserts that he is entitled to a bond hearing before a neutral adjudicator.

In recent months, numerous district courts have addressed the same issue raised in Mr. Perez Suspes' Petition. At least 350 decisions from district courts[1]—including seven other members of this court—find that the application of Section 1225(b)(2)(A) to noncitizens residing in the United States is unlawful. *See Demirel v. Fed. Det. Ctr. Phila., et al.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (attaching an

---

[1] *See Barco Mercado v. Francis*, No. 25-6582, slip op. at 9-10 & n.22 (S.D.N.Y. Nov. 26, 2025) (counting 350 cases decided by over 160 different judges granting habeas relief to similar Petitioners).

appendix citing 282 decisions rejecting Respondents' interpretation of the INA); *see also Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Ndiaye v. Jamison*, No. 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Centeno Ibarra v. Warden of the Fed. Det. Ctr., et al.*, No. 25-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025); *Buele Morocho v. Jamison, et al.*, No. 25-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025); *Juarez Velazquez v. O'Neill, et al.*, No. 25-6191, slip. op. (E.D. Pa. Dec. 3, 2025).  I agree with the reasoning of my colleagues and these other district courts.[2]  Mr. Perez Suspes' Petition is **GRANTED**.

I. **BACKGROUND**

Mr. Perez Suspes is a citizen of Colombia.  Petition, ECF No. 1, (hereinafter "Pet.") ¶ 18.  He and his family experienced political persecution in their home country because of their participation in protests

---

[2] Because the Court finds that Mr. Perez Suspes' detention without a bond hearing violates the INA, the Court does not address Mr. Perez Suspes' arguments that his detention also violates the Due Process Clause.  Petition, ECF No. 1, at 20.

against police brutality. Pet., Ex. A, at 20-21. As a result of their advocacy, Mr. Perez Suspes and his family faced targeted threats from civilian groups supporting the Colombian National Police. *Id.* at 23. In May 2022, Mr. Perez Suspes and his family fled to the United States to seek safety and protection. *Id.* at 24.

Upon his entry to the United States, Mr. Perez Suspes was arrested by Customs and Border Patrol Agents and was thereafter released. Respondents' Opposition Brief, ECF No. 8, (hereinafter "Resp. Opp.") at 4. Mr. Perez Suspes then relocated to the greater Philadelphia area, where he now lives with his wife and their son. Pet. ¶ 62. He and his family timely and lawfully filed an I-589 Application for Asylum with the United States Citizenship and Immigration Services ("USCIS"). *Id.* ¶ 65; *Id.*, Ex. A. As far as the Court knows, Mr. Perez Suspes has complied with all directions and requirements of asylum and immigration officers and has no criminal record aside from traffic citations. *Id.* ¶ 66, 68.

On or about November 21, 2025, while he was attending a routine immigration supervision appointment, Mr. Perez Suspes was arrested and

detained at the Philadelphia Field Office of ICE. Resp. Opp. at 4. He was given a Notice to Appear and placed in removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* On the same day, Mr. Perez Suspes filed the instant Petition, seeking his release from custody. Pet. at 20. On November 25, 2025, Mr. Perez Suspes was transferred to Pike County Correctional Facility in the Middle District of Pennsylvania. Resp. Opp. at 4.

Respondents oppose habeas relief.

## II. DISCUSSION

A federal district court is authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is "in custody under or by color of the authority of the United States … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

Respondents argue that the Court lacks jurisdiction to hear Mr. Perez Suspes' claims per 8 U.S.C. § 1252(g), 8 U.S.C. § 1252(b)(9) and

8 U.S.C. § 1252(a)(2)(B)(ii). As my colleagues have explained, none of these statutes are applicable to the instant Petition. *Demirel*, 2025 WL 3218243, at *2-3; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *3-4. There is no jurisdictional bar to reviewing Mr. Perez Suspes' Petition.

Respondents also assert that this Court should dismiss Mr. Perez Suspes' claims because of his failure to exhaust administrative remedies. Again, I agree with my colleagues that exhaustion is not required because the issue presented involves only statutory construction, and exhaustion would be futile in light of the Board of Immigration Appeals' recent decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). *Demirel*, 2025 WL 3218243, at *3-4; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *4.

As for the merits of Mr. Perez Suspes' Petition, the principal issue is whether his mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is unlawful.[3] I concur with my colleagues that it is. Both the plain

---

[3] Section 1225(b)(2)(A) provides: "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking

meaning of the text of Section 1225(b)(2)(A) and the statutory framework of the INA support the conclusion that the provision does not apply to noncitizens residing within the United States.  *Demirel*, 2025 WL 3218243, at *4-5; *Cantu-Cortes*, 2025 WL 3171639, at *1-2; *Kashranov*, 2025 WL 3188399, at *5-7.  Respondents can detain Mr. Perez Suspes, if at all, under 8 U.S.C. § 1226(a).[4]  *Demirel*, 2025 U.S. Dist. LEXIS 226877, at *5; *Cantu-Cortes*, 2025 WL 3171639, at *1; *Kashranov*, 2025 WL 3188399, at *5.  Noncitizens detained pursuant to Section 1226(a) are entitled to apply for release on bond or conditional parole.  *See* 8 C.F.R. § 1236.1(c)(8), (d); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021).  Therefore, Mr. Perez Suspes' detention without opportunity for a bond hearing violates the INA.

---

admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding …" 8 U.S.C. § 1225(b)(2)(A).

[4] Section 1226(a) provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  The Attorney General "may release" noncitizens on "bond" or "conditional parole," except if they have committed any criminal offenses listed in section 1226(c).  8 U.S.C. § 1226(a).

## III. REMEDY

As Judge Wolson did, I will order the release of Mr. Perez Suspes because he was unlawfully detained without a bond hearing as required by Section 1226(a). *Kashranov*, 2025 WL 3188399, at *8 (quoting *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (noting that a habeas court has "the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.")) I will also permanently enjoin the Government from re-detaining Mr. Perez Suspes under Section 1225(b)(2)(A) and temporarily enjoin the Government from re-arresting him under Section 1226(a) for seven days following his release to ensure the habeas remedy is effective. If Mr. Perez Suspes is later detained under Section 1226(a), the Government must provide Mr. Perez Suspes with notice and an opportunity to be heard at a bond hearing before an Immigration Judge, who will assess whether he poses a flight risk or a danger to the community.

## IV. CONCLUSION

I will grant Mr. Perez Suspes' Petition for the same reasons as my colleagues on this Court. Mr. Perez Suspes' mandatory detention without a bond hearing pursuant to Section 1225(b)(2) is unlawful. An appropriate order accompanying this opinion follows.

<u>s/ANITA B. BRODY, J.</u>
ANITA B. BRODY, J.
December 4, 2025
